**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | : | |
|---|---|---|
| TOAN NYUGEN, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 07-CV-758 |
| | : | |
| HARRY TITUS, | : | |
| Defendant. | : | |

_____ :

## MEMORANDUM OPINION & ORDER

**RUFE, J.** **August 29, 2007**

In this seemingly run-of-the-mill motor-vehicle-accident case, which Defendant removed to this Court under 28 U.S.C. § 1441, the Court is currently presented with Plaintiff's Motion to Remand. The Motion was held in abeyance while the parties conducted limited discovery on jurisdictional issues and provided the Court with evidence in support of their jurisdictional arguments. The Court must now address the question of whether, based on the jurisdictional facts before it, federal diversity jurisdiction exists in this matter.

## I.  BRIEF FACTUAL BACKGROUND

This action stems from a motor-vehicle accident that occurred in Philadelphia, Pennsylvania, on December 26, 2004. Plaintiff Toan Nyugen, a Connecticut resident, filed this negligence action in the Philadelphia County Court of Common Pleas on January 29, 2007, alleging that Defendant Harry Titus, an Ohio resident, caused the accident by making an illegal turn.

In lieu of answering the Complaint in state court, Defendant filed a Notice of Removal in this Court on February 28, 2007, asserting that jurisdiction existed under 28 U.S.C. § 1332. Plaintiff responded by filing a Motion to Remand, arguing that Defendant failed to meet his burden of establishing to a legal certainty that the amount in controversy exceeds $75,000. The

Court previously took up the issue in an Order dated July 13, 2007.[1]  In that Order, the Court, after explaining the current state of the law in this arena, required Defendant to produce to the Court evidence in support of his assertion that jurisdiction exists in this case.  The Court permitted Defendant to collect such evidence through limited discovery, and to present the evidence to the Court in the form of affidavits or depositions, or at an evidentiary hearing at Defendant's request.

Defendant did not request an evidentiary hearing.  Instead, on August 13, 2007, Defendant filed a supplemental submission with the Court in opposition to Plaintiff's Motion to Remand, citing and attaching the transcript of Plaintiff Toan Nyugen's deposition.  In that submission, Defendant again argued that the amount-in-controversy requirement was satisfied and pointed to Plaintiff's deposition testimony and medical records.[2]  Plaintiff filed a response to the supplemental submission on August 27, 2007.  In his response, Plaintiff reiterates his argument that Defendant has not proved to a legal certainty that the amount in controversy exceeds $75,000.

## II.  STANDARD FOR DETERMINING THE AMOUNT IN CONTROVERSY

As the Court explained in its July 13 Order, while there is some disagreement in this Circuit over the standard to be applied when considering the amount-in-controversy requirement in the removal context, the Court is convinced that the Third Circuit Court of Appeals' decision in Samuel-Bassett v. KIA Motors America, Inc.[3] provides the relevant framework.  According to Samuel-Bassett, when there are factual disputes related to the amount in controversy, a district court

---

[1]  Doc. # 18.

[2]  Defendant had previously attached Plaintiff's medical bills and medical records to his original opposition to the Motion to Remand.  See Def.'s Opp'n to Mot. to Remand [Doc. # 10], Exs. B & C.  For the purposes of the instant Motion to Remand, the Court will consider the medical bills and medical records as evidence offered in support of Defendant's jurisdictional claims.

[3]  357 F.3d 392 (3d Cir. 2004).

must first apply the preponderance-of-the-evidence standard announced in McNutt v. General Motors Acceptance Corp. of Indiana[4] to resolve those disputes.[5]  In cases where no such factual disputes exist, or after findings have been made under the McNutt standard, a district court must apply the legal-certainty test announced in St. Paul Mercury Indemnity Co. v. Red Cab Co.,[6] to determine whether the amount-in-controversy requirement is satisfied.[7]  The Red Cab legal-certainty test requires remand only when it is legally impossible for the plaintiff to recover an amount in excess of the statutory minimum.[8]

### III.  DISCUSSION

**A.  Limited Findings of Fact under the McNutt Standard**

Based upon the jurisdictional evidence now before it, the Court must make limited findings of fact for the purposes of its jurisdictional inquiry.  The Court makes these findings for the sole purpose of determining the amount in controversy—or the amount Plaintiff could potentially recover based on his claims—and have no bearing on the ultimate liability or damages determinations to be made by the factfinder.  Accordingly, the Court finds that:

1)      Plaintiff Toan Nyugen and Defendant Harry Titus were involved in a multi-vehicle

---

[4] 298 U.S. 178 (1936).

[5] Samuel-Bassett, 357 F.3d at 398.

[6] 303 U.S. 283 (1938).

[7] Samuel-Bassett, 357 F.3d at 398.

[8] 303 U.S. at 289.  While "the party asserting jurisdiction bears the burden of showing that . . . the case is properly before the federal court," Samuel-Bassett, 357 F.3d at 396, that party's burden is congruent with the McNutt and Red Cab standards confirmed in Samuel-Bassett.  The Court is convinced that the Third Circuit's announcement in Samuel-Bassett—and, subsequently, in Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006)—that the defendant is required "to show to a legal certainty that the amount in controversy exceeds the statutory minimum" does not impose a more stringent burden on removing defendants than those contemplated by McNutt and Red Cab.

car accident on December 26, 2004, which occurred in Philadelphia, Pennsylvania.[9]

2)   Plaintiff's car was damaged in the accident.[10]

3)   Plaintiff injured his lower back and neck in the accident.[11]  He sought treatment from a doctor at a hospital in Connecticut who ordered x-rays and prescribed pain medication,[12] at a minimum cost of $1,302.07.[13]  Additionally, he sought treatment with an acupuncturist from the time of the accident until March 2006,[14] at a minimum cost of $8,667.00.[15]

4)   As a result of the accident, Plaintiff was unable to work at his self-owned nail salon, Nail Stop, for two full weeks,[16] sacrificing at least $168.00 per day.[17]  Thereafter, Plaintiff was required to take off several hours of work on various days to visit his doctors to receive treatment for accident-related injuries.[18]

5)   As a result of the accident, Plaintiff was unable to do as much work as he had done

---

[9]  Nyugen Dep. 12, Aug. 7, 2007.

[10]  Id. at 29.

[11]  Id. at 30, 32.

[12]  Id. at 33–34.

[13]  Def.'s Opp'n to Mot. to Remand, Ex. B [Doc. # 10-5], Medical Bills.

[14]  Nyugen Dep. 36–38.

[15]  Def.'s Opp'n to Mot. to Remand, Ex. B [Doc. # 10-5], Medical Bills.

[16]  Nyugen Dep. 12–13.

[17]  Id. at 13.

[18]  Id. at 14.

before the accident.[19]

6)      As a result of the accident, Plaintiff is unable to sit for an extended period without

feeling pain and cannot perform tasks that involve heavy lifting.[20]

7)      Plaintiff continues to claim that, even to this date, he suffers from pain and other ill-

effects of the motor-vehicle accident.[21]

## B.  Application of the Legal-Certainty Test

Having made these limited findings, the Court is compelled to apply the Red Cab

legal-certainty test to the jurisdictional facts of this case.  As mentioned above, the Red Cab legal-

certainty test requires remand only when it is legally impossible for the plaintiff to recover an amount

in excess of the statutory minimum under the specific circumstances of a given case.[22]

In this case, Plaintiff is not barred from recovering over $75,000 based on his claims

of physical injury, property damage, lost compensation, and, most importantly, pain and suffering.

Even though Plaintiff's claims for purely economic damages are for less than the statutory minimum,

his claim for noneconomic pain-and-suffering damages leaves the ultimate reward, were Plaintiff

to succeed in his case on liability, undefined.

It is well settled that Pennsylvania law[23] provides for the recovery of damages for pain

---

[19]  Id. at 19–20.

[20]  Id. at 43–44.

[21]  See, e.g., id. at 43–44, 46.

[22]  303 U.S. at 289.

[23]  Pennsylvania law clearly applies in this case.   In a diversity case such as this, a district court must apply
the substantive law of the state in which it sits, including that state's choice-of-law rules.  Berg Chilling Sys. v. Hull
Corp., 435 F.3d 455, 462 (3d Cir. 2006) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)).
Pennsylvania's choice-of-law doctrine provides that "the rights and liabilities of the parties with respect to a tort
action are determined by the law of the state which has the most significant relationship to the occurrence and the

and suffering incident to injuries caused by another's tort.[24]  As Pennsylvania courts have noted, "no precise measure exists" for determining the amount of pain-and-suffering damages to which a plaintiff is entitled.[25]  Because such damages "have no market value and no means of measurement, the amount of any such award is reserved for the judgment of the jury."[26]  Ultimately, the jury's determination is governed only by principles of fairness and reasonableness.[27]

  Considering the jury's broad discretion to award damages for pain and suffering resulting from the accident, the Court cannot say that Plaintiff's potential recovery is undisputably less than $75,000—that is, it is not legally certain that Plaintiff cannot and will not recover an amount in excess of the statutory minimum.  A jury, if it first found liability, would not be unreasonable in awarding Plaintiff damages exceeding $75,000 if it credited Plaintiff's claims of physical injury and the resulting pain and anguish that has plagued him for the last two-and-a-half years as a result of the accident.  Thus, Plaintiff is not legally barred from receiving an award in excess of $75,000, and the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.  The

_____

parties." Laconis v. Burlington County Bridge Comm'n, 583 A.2d 1218, 1222 (Pa. Super. Ct. 1990) (citing the seminal case of Griffith v. United Air Lines, Inc., 293 A.2d 796, 806 (1964)).  The Court's inquiry, known as the most-significant-relationship test, requires examination of the following factors: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile or residence of the parties; and (4) the place where the relationship between the parties is centered.  Id. at 1222–23.  "Furthermore, in an action for personal injuries, the law of the state where the injury occurred normally determines the rights and liabilities of the parties, unless another state, applying the contacts test, has a more significant relationship to the occurrence and parties."  Id. at 1223.  Applying the contacts test, it is clear that Pennsylvania law—the law of the state where the injury occurred, where the conduct causing the injury occurred, and where the relationship between the parties is centered—should not be displaced by Ohio or Connecticut law.

  [24]  See, e.g., Corcoran v. McNeal, 161 A.2d 367, 373 (Pa. 1960).

  [25]  K.H. v. J.R., 826 A.2d 863, 875 (Pa. 2003); see also Schenkel v. Pittsburgh & B. Traction Co., 44 A. 1072, 1073 (Pa. 1899); Pape v. Short, 186 A.2d 431, 432 (Pa. Super. Ct. 1962).

  [26]  K.H., 826 A.2d at 875 (citing and discussing 2 Jacob A. Stein, Stein on Personal Injury Damages § 8:8 (3d ed. 1997)); see also James v. Ferguson, 162 A.2d 690, 694 (1960).

  [27]  See K.H., 826 A.2d at 875.

Court therefore has jurisdiction over this case.  Accordingly, the Motion to Remand will be denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                    :
TOAN NYUGEN,                                        :
                    **Plaintiff,**                  :
         **v.**                                     :          **CIVIL NO. 07-CV-758**
                                                    :
HARRY TITUS,                                        :
                    **Defendant.**                  :
_____:

**ORDER**

     **AND NOW**, this 29th day of August 2007, upon consideration of Defendant's Notice of Removal [Doc. # 1], Plaintiff's Motion to Remand [Doc. # 8], Defendant's Response thereto [Doc. # 10], the Court's July 13, 2007 Order [Doc. # 18], Defendant's Supplemental Submission in Opposition to Plaintiff's Motion to Remand [Doc. # 20], and Plaintiff's Response thereto [Doc. # 21], it is hereby **ORDERED** that Plaintiff's Motion to Remand is **DENIED**, for the reasons set forth in the preceding Memorandum Opinion.

     It is **FURTHER ORDERED** that, on or before **September 7, 2007**, Plaintiff shall **RESPOND** to Defendant's Motion for Judgment on the Pleadings [Doc. # 10] by filing a detailed memorandum of law in opposition to Defendant's claim that the instant negligence action is barred by the applicable statute of limitations.

     It is so **ORDERED**.

                             **BY THE COURT**:

                             **/s/ Cynthia M. Rufe_____**
                             **CYNTHIA M. RUFE**